UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERMONT MUTUAL INSURANCE COMPANY<br>as subrogee of TIMOTHY D. STEIN and<br>WAYNE ROLF<br>89 State Street<br>Montpellier, VT 05601<br><br>    Plaintiff,<br><br>v.<br><br>DAVID'S FLOOR SERVICE, INC.<br>35 Osgood Street<br>Somerville, MA 02143,<br><br>and<br><br>MIN DANG, d/b/a<br>DAVID'S FLOOR SERVICE<br>35 Osgood Street<br>Somerville, MA 02143,<br><br>    Defendants. | CIVIL ACTION<br><br>NO.<br><br>05 10307 JLT<br><br>JURY TRIAL DEMANDED |

MAGISTRATE JUDGE _____

## COMPLAINT

Plaintiff, Vermont Mutual Insurance Company, by and through its counsel, Patrick J. Loftus, III, and Cozen O'Connor, upon information and belief, hereby avers, as follows:

### THE PARTIES

1. At all times material hereto, Plaintiff, Vermont Mutual Insurance Company [hereinafter "Vermont Mutual"], was a corporation organized and existing under the laws of the State of Vermont, with its principal place of business located in Montpelier, Vermont.

2. At all times material hereto, Plaintiff Vermont Mutual was engaged in the business of issuing property insurance and was duly authorized to issue policies of insurance within the Commonwealth of Massachusetts.

3. At all times material hereto, Defendant, David's Floor Service, Inc. was a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Somerville, Massachusetts.

4. At all times material hereto, Defendant Min Dang, was a resident of the Commonwealth of Massachusetts, who did business as David's Floor Service.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is proper pursuant to 28 USC §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this district pursuant to 28 USC §1391 as the events or omissions giving rise to the claims at issue occurred within this district and defendants are subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Timothy D. Stein and Wayne Rolf owned the property located at 4 Foskett Street, Somerville, Massachusetts.

8. At all times material hereto, Plaintiff Vermont Mutual insured Timothy D. Stein and Wayne Rolf's property interests at 4 Foskett Street, Somerville, Massachusetts [the "property"].

9. At all times material hereto, Defendant David's Floor Service, Inc. and/or Ming Dang, d/b/a David's Floor Service [hereinafter collectively "David's Flooring"] was engaged in the business of installing and refinishing flooring.

10. Prior to September 2, 2004, Defendants David's Flooring provided flooring services and/or refinished flooring at the property.

11. On September 2, 2004, during defendants' flooring work, an explosion occurred, thereby causing extensive damage to the property.

12. Given the damage, Timothy D. Stein and Wayne Rolf submitted a claim to Plaintiff Vermont Mutual and, pursuant to the terms and condition of its policy of insurance, Plaintiff Vermont Mutual has paid to Timothy D. Stein and Wayne Rolf an amount in excess of $75,000, representing the fair and reasonable value and cost of the resulting damage, as covered under the applicable policy.

13. To the extent of its payments, Plaintiff Vermont Mutual is subrogated to the rights of its insureds, Timothy D. Stein and Wayne Rolf.

### COUNT I – NEGLIGENCE
### DEFENDANT DAVID'S FLOOR SERVICE, INC.

14. Plaintiff incorporates the proceeding paragraphs, by reference.

15. The explosion and fire were caused by the negligence, carelessness, recklessness and/or negligent omissions of Defendant David's Floor Service Inc., acting by and through its agents and employees, acting with the scope and course of their employment, in:

    a) failing to safely and properly provide its services;

    b) causing or allowing an excessive build-up of combustible vapors or fumes;

    c) failing to prevent the creation of dangerous conditions during its services;

    d) failing to provide proper and adequate warnings and instructions to its employees, client, and/or subcontractors;

    e) failing to have properly trained and/or qualified employees, clients, and/or subcontractors;

    f) otherwise causing or allowing the explosion/fire; and

      g)    otherwise failing to use due care, as may be disclosed for the discovery process.

16. By reason of the above negligence, the explosion and fire occurred and resulted in extensive damage to the Timothy D. Stein and Wayne Rolf's property.

WHEREFORE, Plaintiff Vermont Mutual, as subrogee of Timothy D. Stein and Wayne Rolf, demands judgment against Defendant David's Floor Service, Inc., in an amount in excess of $75,000; together with interest, costs, reasonable attorney's fees, interest and such other relief as the court deems just and appropriate.

## COUNT II – NEGLIGENCE
## DEFENDANT MING DANG, d/b/a DAVID'S FLOOR SERVICE

17. Plaintiff incorporates the proceeding paragraphs, by reference.

18. The explosion and fire were caused by the negligence, carelessness, recklessness and/or negligent omissions of Defendant Ming Dang, d/b/a David's Floor Service, acting by and through its agents and employees, acting with the scope and course of their employment, in:

    a)    failing to safely and properly provide its services;

    b)    causing or allowing an excessive build-up of combustible vapor or fumes;

    c)    failing to prevent the creation of dangerous conditions during its services;

    d)    failing to provide proper and adequate warnings and instructions to its employees, client, and/or subcontractors;

    e)    failing to have properly trained and/or qualified employees, clients, and/or subcontractors;

    f)    otherwise causing or allowing the explosion/fire; and

    g)    otherwise failing to use due care, as may be disclosed for the discovery process.

19. By reason of the above negligence, the explosion and fire occurred and resulted in extensive damage to the Timothy D. Stein and Wayne Rolf's property.

WHEREFORE, Plaintiff Vermont Mutual, as subrogee of Timothy D. Stein and Wayne Rolf, demands judgment against Defendant Ming Dang, d/b/a David's Floor Service, in an amount in excess of $75,000; together with interest, costs, reasonable attorney's fees, interest and such other relief as the court deems just and appropriate.

Plaintiff Vermont Mutual Insurance Company
a/s/o Timothy D. Stein and Wayne Rolf,
By Its Attorneys,

PATRICK J. LOFTUS, III, ESQUIRE
BBO #303310
No. 9 Park Street
Suite 500
Boston, MA 02108
(617) 723-7770

CO-COUNSEL:
James P. Cullen, Jr., Esquire
COZEN O'CONNOR
1900 Market Street
The Atrium - Third Floor
Philadelphia, PA 19103
(215) 665-4102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) VERMONT MUTUAL INSURANCE COMPANY a/s/o TIMOTHY D. STEIN and WAYNE ROLF v. DAVID'S FLOOR SERVICE, INC.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   X    III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

   05 10307 JLT

   FILED
   Clerk's Office
   USDC, Mass
   Date 2/11/05
   By [signature]
   Deputy Clerk

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   n/a

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? n/a
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? n/a

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES___ No ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES___ No ___ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Eastern (Middlesex Cty)

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Somerville, MA

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION___ OR WESTERN SECTION___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  PATRICK J. LOFTUS, III
ADDRESS  9 PARK STREET, SUITE 500   BOSTON, MA 02108
TELEPHONE NO.  617-723-7770

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
VERMONT MUTUAL INSURANCE COMPANY a/s/o TIMOTHY D. STEIN and WAYNE ROLF

**DEFENDANTS**
DAVID'S FLOOR SERVICE, INC.
and
MIN DANG d/b/a DAVID'S FLOOR SERVICE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Washington (VT)
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Middlesex (MA)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
PATRICK J. LOFTUS, III
LAW OFFICES OF PATRICK J. LOFTUS, III
9 PARK ST. SUITE 500
BOSTON, MA 02108    617-723-7770

**ATTORNEYS (IF KNOWN)** 05-10307 JLT

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332(a)(1)

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
|  |  | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  ☒ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act |  |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Other |  |  |  |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23      **DEMAND $**      Check YES only if demanded in complaint:   **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):      JUDGE _____      DOCKET NUMBER _____

DATE: 2/9/05

SIGNATURE OF ATTORNEY OF RECORD: /s/ Patrick J. Loftus

UNITED STATES DISTRICT COURT