UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERMONT MUTUAL INSURANCE COMPANY, ) <br> as subrogee of TIMOTHY D. STEIN and ) <br> WAYNE ROLF ) <br> 89 State Street ) <br> Montpellier, VT 05601 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID'S FLOOR SERVICE, INC. ) <br> 35 Osgood Street ) <br> Somerville, MA 02143, ) <br> ) <br> and ) <br> ) <br> MIN DANG, d/b/a ) <br> DAVID'S FLOOR SERVICE ) <br> 35 Osgood Street ) <br> Somerville, MA 02143, ) <br> ) <br> Defendants/Third Party Plaintiffs, ) <br> ) <br> and ) <br> ) <br> MUOI BUI, a/k/a MUOI PHAM, ) <br> as Administratrix of the Estate of ) <br> Toan Bui, d/b/a BLESS HARDWOODS ) <br> ) <br> Defendant/Third Party Defendant. ) | CIVIL ACTION <br><br> NO. 05-10307 JLT <br><br><br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST AMENDED**
**COMPLAINT PURSUANT TO F.R.C.P. 14(a)**

Plaintiff, Vermont Mutual Insurance Company, by and through its counsel, upon information and belief, hereby avers, as follows:

**THE PARTIES**

1.   At all times material hereto, Plaintiff, Vermont Mutual Insurance Company [hereinafter "Vermont Mutual"], was a corporation organized and existing under the

laws of the State of Vermont, with its principal place of business located in Montpelier, Vermont.

2.     At all times material hereto, Plaintiff Vermont Mutual was engaged in the business of issuing property insurance and was duly authorized to issue policies of insurance within the Commonwealth of Massachusetts.

3.     At all times material hereto, Defendant, David's Floor Service, Inc., was a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Somerville, Massachusetts.

4.     At all times material hereto, Defendant, Min Dang, was a resident of the Commonwealth of Massachusetts, who did business as David's Floor Service.

5.     As set forth in the third party action of Defendant/Third Party Plaintiff David's Floor Service and Defendant Min Dang, Toan Bui was a resident of the Commonwealth of Massachusetts, residing in Dorchester, Massachusetts, and doing business as Bless Hardwoods, on and before September 2, 2004.

6.     As set forth in the third party action of Defendant/Third Party Plaintiff David Floor Service and Min Dang, Defendant Muoi Bui, a/k/a Muoi Pham, is the duly appointed Administratrix of the Estate of Toan Bui.

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court is proper pursuant to 28 USC §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8.     Venue is proper in this district pursuant to 28 USC §1391 as the events or omissions giving rise to the claims at issue occurred within this district and defendants are subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

9. At all times material hereto, Timothy D. Stein and Wayne Rolf owned the property located at 4 Foskett Street, Somerville, Massachusetts.

10. At all times material hereto, Plaintiff Vermont Mutual insured Timothy D. Stein and Wayne Rolf's property interests at 4 Foskett Street, Somerville, Massachusetts [the "property"].

11. At all times material hereto, Defendant David's Floor Service, Inc. and/or Defendant Ming Dang, d/b/a David's Floor Service [hereinafter collectively "David's Flooring"] were engaged in the business of installing and refinishing flooring.

12. Prior to September 2, 2004, Defendant David's Flooring agreed to provide floor services and refinishing at the property, without ever disclosing that Toan Bui and/or Bless Hardwoods would be performing the services, as a subcontractor.

13. At the time of the agreement, and at the time of the services, Defendant David's Flooring understood that Harco lacquer sealer would be utilized; further, Defendant David's Flooring understood the risk of fire and explosion resulting from the use of Harco lacquer sealer, in the absence of particular safety precautions.

14. Notwithstanding its recognition of the peculiar risk of fire and explosion resulting from the use of the Harco lacquer sealer, in the absence of particular safety precautions being taken, Defendant David's Flooring did not take affirmative measures and/or confirm that the appropriate and required precautions were, in fact, taken prior to or during the application of the Harco sealer.

15. On or about September 2, 2004, Defendants David's Flooring and Bless Hardwoods provided flooring services and/or refinished flooring at the property.

16. On or about September 2, 2004, during the flooring work, an explosion occurred, thereby causing extensive damage to the property, and resulting in the death of Mr. Bui and another worker, as well as burn injuries to two other workers.

17. Given the damage, Timothy D. Stein and Wayne Rolf submitted a claim to Plaintiff Vermont Mutual and, pursuant to the terms and condition of its policy of insurance, Plaintiff Vermont Mutual has paid to Timothy D. Stein and Wayne Rolf an amount in excess of $75,000, representing the fair and reasonable value and cost of the resulting damage, as covered under the applicable policy.

18. To the extent of its payments, Plaintiff Vermont Mutual is subrogated to the rights of its insureds, Timothy D. Stein and Wayne Rolf.

## COUNT I – NEGLIGENCE
## DEFENDANT DAVID'S FLOOR SERVICE, INC.

19. Plaintiff incorporates the proceeding paragraphs, by reference.

20. The explosion and fire were caused by the negligence, carelessness, recklessness and/or negligent omissions of Defendant David's Floor Service Inc., acting by and through its agents and employees, acting with the scope and course of their employment, in:

    a) failing to safely and properly provide its services;

    b) causing or allowing an excessive build-up of combustible vapors or fumes;

    c) failing to prevent the creation of dangerous conditions during its services;

    d) failing to provide proper and adequate warnings and instructions to its employees, client, and/or subcontractors;

    e) failing to have properly trained and/or qualified employees, clients, and/or subcontractors;

    f) otherwise causing or allowing the explosion/fire; and

      g)     otherwise failing to use due care, as may be disclosed for the discovery process.

21. By reason of the above negligence, the explosion and fire occurred and resulted in extensive damage to the Timothy D. Stein and Wayne Rolf's property.

WHEREFORE, Plaintiff Vermont Mutual, as subrogee of Timothy D. Stein and Wayne Rolf, demands judgment against Defendant David's Floor Service, Inc., in an amount in excess of $75,000; together with interest, costs, reasonable attorney's fees, interest and such other relief as the court deems just and appropriate.

## COUNT II– NEGLIGENCE
## DEFENDANT MING DANG, d/b/a DAVID'S FLOOR SERVICE

22. Plaintiff incorporates the proceeding paragraphs, by reference.

23. The explosion and fire were caused by the negligence, carelessness, recklessness and/or negligent omissions of Defendant Ming Dang, d/b/a David's Floor Service, acting by and through its agents and employees, acting with the scope and course of their employment, in:

      a)     failing to safely and properly provide its services;

      b)     causing or allowing an excessive build-up of combustible vapor or fumes;

      c)     failing to prevent the creation of dangerous conditions during its services;

      d)     failing to provide proper and adequate warnings and instructions to its employees, client, and/or subcontractors;

      e)     failing to have properly trained and/or qualified employees, clients, and/or subcontractors;

      f)     otherwise causing or allowing the explosion/fire; and

      g)     otherwise failing to use due care, as may be disclosed for the discovery process.

24. By reason of the above negligence, the explosion and fire occurred and resulted in extensive damage to the Timothy D. Stein and Wayne Rolf's property.

WHEREFORE, Plaintiff Vermont Mutual, as subrogee of Timothy D. Stein and Wayne Rolf, demands judgment against Defendant Ming Dang, d/b/a David's Floor Service, in an amount in excess of $75,000; together with interest, costs, reasonable attorney's fees, interest and such other relief as the court deems just and appropriate.

### COUNT III – NEGLIGENCE
### DEFENDANT BUI (BLESS HARDWOODS)

25. Plaintiff incorporates the proceeding paragraphs, by reference.

26. As set forth in Defendant David's Flooring Third Party Complaint, the negligent conduct of Toan Bui, d/b/a Bless Hardwoods, was also a proximate cause of the fire and resulting damage. [See Paragraph 16; Paragraph 19; the damages were due in whole or in part to the conduct of Toan Bui, d/b/a Bless Hardwoods, or its agents].

27. The negligent conduct included the following:

   a) failing to safely and properly provide its services;

   b) causing or allowing an excessive build-up of combustible vapor or fumes;

   c) failing to prevent the creation of dangerous conditions during its services;

   d) failing to provide proper and adequate warnings and instructions to its employees, agents, and/or subcontractors;

   e) failing to utilize properly trained and/or qualified employees, clients, and/or subcontractors;

   f) otherwise causing or allowing the explosion/fire; and

   g) otherwise failing to use due care, as may be disclosed for the discovery process.

28. By reason of the above negligence, the explosion and fire occurred and resulted in extensive damage to the Timothy D. Stein and Wayne Rolf's property.

WHEREFORE, Plaintiff Vermont Mutual, as subrogee of Timothy D. Stein and Wayne Rolf, demands judgment against Defendant Toan Bui, d/b/a Bless Hardwoods, in an amount in excess of $75,000; together with interest, costs, reasonable attorney's fees, interest and such other relief as the court deems just and appropriate.

Plaintiff Vermont Mutual Insurance Company
a/s/o Timothy D. Stein and Wayne Rolf,
By Its Attorneys,


/s/ James P. Cullen, Jr., Esquire
JAMES P. CULLEN, JR., ESQUIRE
COZEN O'CONNOR
1900 Market Street
The Atrium - Third Floor
Philadelphia, PA  19103
(215) 665-4102

CO-COUNSEL:
PATRICK J. LOFTUS, III, ESQUIRE
BBO #303310
No. 9 Park Street
Suite 500
Boston, MA  02108
(617) 723-7770