UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VERMONT MUTUAL INSURANCE COMPANY,                )
As subrogee of TIMOTHY D. STEIN and              )
And WAYNE ROLF,                                  )
                                                 )
    Plaintiff,                                   )
                                                 )
Vs.                                              )
                                                 )
DAVID'S FLOOR SERVICE, INC. and                  )
MIN DANG, d/b/a DAVID'S FLOOR SERVICE,           )   CIVIL ACTION 05-10307 JLT
                                                 )
    Defendants/Third Party Plaintiffs            )
                                                 )
Vs.                                              )
                                                 )
MUOI BUI a/k/a MUOI PHAM,                        )
As Administratrix of The ESTATE OF               )
TOAN BUI d/b/a BLESS HARDWOODS                   )
                                                 )
    Defendant/Third Party Defendant.             )

<u>ANSWER AND CROSS-CLAIM OF THE DEFENDANT/THIRD PARTY DEFENDANT,
MUOI BUI a/k/a MUOI PHAM AS ADMINISTRATRIX OF THE ESTATE OF TOAN
BUI d/b/a BLESS HARDWOODS TO THE FIRST AMENDED COMPLAINT OF
VERMONT MUTUAL INSURANCE COMPANY, AS SUBROGEE OF TIMOTHY D.
STEIN AND WAYNE ROLF</u>

FIRST DEFENSE

The Third Party Defendant/Plaintiff In Cross Claim, Muoi Bui a/k/a Muoi Pham, as Administratrix of the Estate of Toan Bui d/b/a Bless Hardwood (hereinafter "Muoi Bui"), makes her answers to the allegations contained in the numbered paragraphs of the Plaintiff's First Amended Complaint as follows:

THE PARTIES

1.  Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of the First Amended Complaint, and therefore denies same.

2.  Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 2 of the First Amended Complaint, and therefore denies same.

3. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the First Amended Complaint, and therefore denies same.

4. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the First Amended Complaint, and therefore denies same.

5. Muoi Bui admits the allegations contained in Paragraph 5 of the First Amended Complaint.

6. Muoi Bui admits the allegations contained in Paragraph 6 of the First Amended Complaint.

7. Paragraph 7 of the First Amended Complaint contains no proper allegations of fact, and therefore no response by Muoi Bui is required.

8. Paragraph 8 of the First Amended Complaint contains no proper allegations of fact, and therefore no response by Muoi Bui is required.

FACTUAL ALLEGATIONS

9. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the First Amended Complaint, and therefore denies same.

10. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of the First Amended Complaint, and therefore denies same.

11. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of the First Amended Complaint, and therefore denies same.

12. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the First Amended Complaint, and therefore denies same.

13. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the First Amended Complaint, and therefore denies same.

14. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of the First Amended Complaint, and therefore denies same.

15. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of the First Amended Complaint, and therefore denies same.

16. Muoi Bui admits that a fire occurred at 4 Foskett Street, Somerville, MA on or about September 2, 2004 and that Toan Bui and Ha Vu were killed as a result of the fire and Trung Le and Nam Dao received burn injuries. Muoi Bui denies the remaining allegations contained in Paragraph 16 of the First Amended Complaint.

17. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of the First Amended Complaint, and therefore denies same.

18. Muoi Bui is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of the First Amended Complaint, and therefore denies same.

### COUNT I - NEGLIGENCE (DAVID'S FLOOR SERVICE)

19-21. Muoi Bui repeats and incorporates by reference her responses to Paragraphs 1-18 of the Plaintiff's First Amended Complaint. Count I of the Plaintiff's First Amended Complaint contains no allegations against Toan Bui and therefore requires no responsive pleading. To the extent the allegations contained in Paragraphs 19-21 may be deemed to contain allegations against Toan Bui, those allegations are specifically denied by Toan Bui.

### COUNT II - NEGLIGENCE (MING DANG D/B/A DAVID'S FLOOR SERVICE)

22-24  Muoi Bui repeats and incorporates by reference her responses to Paragraphs 1 through 21 of the First Amended Complaint as if fully stated herein. Count II of the Plaintiff's First Amended Complaint contains no allegations against Toan Bui and therefore requires no responsive pleading. To the extent the allegations contained in Paragraphs 22-24 may be deemed to contain allegations against Toan Bui, those allegations are specifically denied by Toan Bui.

<u>COUNT III - NEGLIGENCE (TOAN BUI D/B/A BLESS HARDWOODS)</u>

25. Muoi Bui repeats and incorporates by reference her responses to Paragraphs 1 through 24 of the First Amended Complaint as if fully stated herein.

26. Muoi Bui denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27. Muoi Bui denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28. Muoi Bui denies the allegations contained in Paragraph 28 of the First Amended Complaint.

<u>SECOND DEFENSE</u>

The First Amended Complaint fails to state a claim upon which relief can be granted against Muoi Bui.

<u>THIRD DEFENSE</u>

The plaintiff's subrogors, Timothy D. Stein and Wayne Rolf, were not in the exercise of due care at the time set forth in the complaint and the damages alleged were caused in whole or in part by the negligence of the plaintiff's subrogor, to a degree greater than any alleged negligence of the defendant Muoi Bui.

<u>FOURTH DEFENSE</u>

The intervening act of a third party was the proximate cause of the alleged injuries and damages suffered by the plaintiff's subrogors, Timothy D. Stein and Wayne Rolf.

<u>FIFTH DEFENSE</u>

If the plaintiff's subrogors were injured and damaged as alleged in the First Amended Complaint, claim, which is denied, then those injuries and damages were caused by a third person or persons for whose conduct the Muoi Bui a/k/a Muoi Pham, as Administratrix of the Estate of Toan Bui d/b/a Bless Hardwoods, was not and is not legally responsible.

## SIXTH DEFENSE

If the plaintiff's subrogors did sustain damages as alleged in the First Amended Complaint, which is denied, the negligence of the plaintiff's subrogors, Timothy D. Stein and Wayne Rolf, contributed to their damages, was greater than any alleged negligence of the defendant, Muoi Bui a/k/a Muoi Pham, as Administratrix of the Estate of Toan Bui d/b/a Bless Hardwoods, and thus bars the recovery of any damages in this action.

## SEVENTH DEFENSE

The plaintiff's damages are precluded or limited by the provisions of G.L. c. 231, sec. 85.

## EIGHTH DEFENSE

The Third Party Plaintiff's Claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered, the defendant, Muoi Bui a/k/a Muoi Pham as Administratrix of the Estate of Toan Bui d/b/a Bless Hardwoods, denies that the plaintiff is entitled to the relief prayed for in its First Amended Complaint or to any other relief and the defendant prays that the First Amended Complaint b dismissed, with prejudice, and that the costs thereof be taxed against the plaintiff and this Court grant any such further relief to the defendant as it may deem appropriate.

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES.

CROSS-CLAIM OF MUOI BUI a/k/a MUOI PHAM AS ADMINISTRATRIX
OF THE ESTATE OF TOAN BUI d/b/a BLESS HARDWOODS
AGAINST THE DEFENDANT, DAVID'S FLOOR SERVICE, INC.

## COUNT ONE

1. The plaintiff, Vermont Mutual Insurance Company, as subrogee of Timothy D. Stein and Wayne Rolf, claims in its First Amended Complaint that Muoi Bui a/k/a Muoi Pham as Administratrix of the Estate of Toan Bui d/b/a Bless Hardwoods, is liable to them for damages, which Muoi Bui denies.

2.  At all times relevant to the Plaintiff's First Amended Complaint, David's Floor Service, Inc. was responsible as the general contractor for the work that was being performed at 4 Foskett Street, Somerville, MA.

3.  At all times relevant to the Plaintiff's First Amended Complaint, David's Floor Service, Inc. employed Toan Bui d/b/a Bless Hardwoods, including Toan Bui, Ha Vu, Trung Le and Nam Dao, to perform the work at 4 Foskett Street, Somerville, MA.

4.  If it is established that the Muoi Bui is liable to the plaintiff, then the defendant/defendant-in-cross-claim, David's Floor Service, Inc. is liable to the defendant/plaintiff-in-cross-claim, Muoi Bui, for all of the plaintiffs' claimed damages.

WHEREFORE, the defendant/plaintiff-in-cross-claim, Muoi Bui, prays that the Court enter judgment in favor of defendant/plaintiff-in-cross-claim, Muoi Bui, against the defendant/defendant-in-cross-claim, David's Floor Service, Inc., for any sums which may be recovered herein by the plaintiff, together with interest, costs and reasonable attorney's fees and such other further relief as the Court deems just and proper.

COUNT TWO

1.  The plaintiff claim that Muoi Bui is liable to it for damages, which Muoi Bui denies.

2.  If it is established that defendant Muoi Bui is liable to the plaintiff in damages, which the defendant denies, then the defendant/defendant-in-cross-claim, David's Floor Service, Inc. is jointly liable to the plaintiff for all of the claimed damages.

WHEREFORE, the defendant/plaintiff-in-cross-claim, Muoi Bui, prays that the Court enter judgment in favor of defendant/plaintiff-in-cross-claim, Muoi Bui, against the defendant/defendant-in-cross-claim, David's Floor Service, Inc., for its pro rata share of any and all sums which may be recovered herein by the plaintiff, together with interest, costs and reasonable attorney's fees and such other further relief as the Court deems just and proper.

THE DEFENDANT/PLAINTIFF-IN-CROSSCLAIM CLAIMS A TRIAL BY JURY ON ALL ISSUES.

          Respectfully submitted,
          the Defendant/Plaintiff-in-Cross-claim, Muoi Bui a/k/a Muoi Pham, as Administratrix of the Estate of Toan Bui d/b/a Bless Hardwoods,
          By their attorneys,

          /s/ Timothy M. Roche
          Matthew Mahoney BBO #
          Timothy M. Roche BBO# 561973
          MONAHAN & ASSOCIATES, P.C.
          113 Union Wharf East
          Boston, MA 02109
          (617) 227-1500

## CERTIFICATE OF SERVICE

I, Timothy M. Roche, hereby certify that on the 20th day of March, 2006, I have served the foregoing document on all parties by causing copies of same to be sent via first class mail, postage prepaid, to Susan Johnson Bowen, Esquire, WARREN, HENSLEY & BOWEN, LLP, 185 Devonshire Street, Suite 1000, Boston, Massachusetts 02108, Patrick J. Loftus, Esquire, LAW OFFICES OF PATRICK J. LOFTUS, No. 9 Park Street, Suite 500, Boston, Massachusetts 02108, James P. Cullen, Esquire, COZEN O'CONNOR, 1900 Market Stret, The Atrium-Third Floor, Philadelphia, Pennsylvania 19103.

          /s/ Timothy M. Roche
          Timothy M. Roche

Toanbui/Answer to First Amended Complaint