UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10307 JLT

VERMONT MUTUAL INSURANCE COMPANY      )
as subrogee of TIMOTHY D. STEIN and   )
WAYNE ROLF                            )
        Plaintiff,                   )
                                      )
        v.                           )
                                      )
DAVID'S FLOOR SERVICE, INC.           )
        and                          )
MIN DANG, d/b/a                       )
DAVID'S FLOOR SERVICE,                )
        Defendants                   )
        Third-Party Plaintiffs       )
and                                   )
MUOI BUI a/k/a MUOI PHAM,              )
AS ADMINISTRATRIX OF                  )
THE ESTATE OF TOAN BUI                )
d/b/a/ BLESS HARDWOODS                )
                                      )
                                      )
        v.                           )
                                      )
MUOI BUI a/k/a MUOI PHAM,              )
AS ADMINISTRATRIX OF                  )
THE ESTATE OF TOAN BUI                )
d/b/a/ BLESS HARDWOODS                )
        Third-Party Defendants       )
                                      )

OPPOSITION OF DAVID'S FLOOR SERVICE INC. AND MINH DANG D/B/A DAVID'S FLOOR SERVICE TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE REQUEST FOR ADMISSIONS

     The defendants David's Floor Service Inc. and Minh Dang d/b/a David's Floor Service hereby oppose the Plaintiff's Motion for Leave to Serve Request for Admissions. As reason therefor the defendants state:

I.  Background

This is a subrogation action brought by Vermont Mutual Insurance Company to recover for money it paid to its insureds, Timothy Stein and Wayne Rolf, as a result of a fire that occurred on September 2, 2004.  This action involves property damage only.

This case was filed initially against David's Floor Service Inc. and Minh Dang d/b/a David's Floor Service.  Trial was scheduled for February of 2006.  Prior to the scheduled trial date, a new defendant and third-party defendant was added to the case, Muoi Bui a/k/a Muoi Pham, as Administratrix of the Estate of Toan Bui d/b/a Bless Hardwoods.

Recently, the court has issued two orders with respect to discovery, one order was issued on March 14, 2006 and the second was issued on April 11, 2006.  Copies of the orders are attached as Exhibit A.  The orders outline permissible discovery and note no additional discovery may be taken without leave of court.

At the most recent scheduling conference, the parties discussed the additional discovery that remained.  This was limited to the depositions of the two workers at the site at the time of the accident, Trung Le and Nam Dao, and to resume the depositions of Minh Dang and David Dang.  Counsel for the plaintiff never raised the issue

of requests for admissions and did not seek leave of court before serving the requests. (Exhibit B).

The depositions of David Dang and Minh Dang were to be resumed, not only because a discovery dispute had been resolved between counsel, but also because the attorney for Muoi Bui, newly added to the case, also wished to question these witnesses. (Exhibit C, letters from Attorney Cullen and Attorney Roche).

II. Argument

The plaintiff argues that the Requests for Admissions will avoid the time and expense of taking the depositions of Minh Dang and David Dang. In fact, an order allowing the requests for admissions would not save the time and expense of these depositions as counsel for the recently added party, Muoi Bui, also wishes to make inquiry of these same witnesses.

Attorney Roche was not present for the depositions of David Dang and Minh Dang. He has expressed interest, both in writing and in court, of his desire to ask questions of David Dang and Minh Dang. (Exhibit C). The parties have agreed upon a date and time for the depositions. (Exhibit B). The Requests for Admission were served after the parties had agreed upon the deposition dates. (Exhibit B). The plaintiff did not seek leave of court before serving the admissions and

-3-

does not offer any legitimate reason why they were served without leave of court.

Contrary to the plaintiff's assertion, liability in this case is disputed. The parties have until July 31, 2006 to complete discovery and a trial date of August 28, 2006.

III. Conclusion

The defendants, David's Floor Service Inc. and Minh Dang d/b/a David's Floor Service hereby request that the plaintiff's motion be denied as the Requests for Admissions were served without leave of court and will not alleviate the need to resume the depositions of Minh Dang and David Dang.

WHEREFOR the defendants request that the plaintiff's motion be denied.

Date: May 22, 2006

                                Defendants/Third-Party Plaintiffs,
                                By their attorney,

                                Susan Johnson Bowen
                                BBO#561543
                                Warren, Hensley & Bowen LLP
                                185 Devonshire Street, Suite 1000
                                Boston, MA 02110
                                (617) 542-4130

**CERTIFICATE OF SERVICE**

    I hereby certify that I served the foregoing document on the parties to this case by mailing a copy hereof, postage prepaid, to Patrick J. Loftus, Esq., LAW OFFICE OF PATRICK J. LOFTUS, No. 9 Park Street, Suite 500, Boston, MA 02108 and James, P Cullen, Jr., Esq., COZEN O'CONNOR, 1900 Market Street, The Atrium-Third Floor, Philadelphia, PA 19103 and to Timothy M. Roche, Esq., Monahan & Associates, Esq., 113 Union Wharf East, Boston, MA 02109 on May 22, 2006.

                                            Susan Johnson Bowen

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VERMONT MUTUAL, et al

V

DAVID'S FLOOR, et al

CIVIL ACTION No. 05-10307 -JLT

DISCOVERY ORDER

TAURO,.J.:

On or before, 03/30/06 the parties shall have exchanged and reviewed (1) all documents in accordance with Local Rule 26.2(A), and (2) sworn statements in accordance with Local Rule 26.1(B), and (3) a list of persons they wish to depose.

A list of the proposed deponents shall be presented to the Court at the scheduling conference.

In addition, the parties shall, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information and

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

No additional discovery shall take place without further order of the court.

Counsel shall notify the court in writing, no less than (5) days prior to the scheduled conference, of pending motions. Any motion not brought to the court's attention (5) days prior to the scheduled conference will be deemed denied as moot.

The court does not accept any letters requesting decision or action. Any such request must be in the form of a motion. Letters submitted for information purposes only must be addressed to Zita Lovett, Deputy Clerk.

IT IS SO ORDERED.
03/14/2006

By the Court,

/s/   Zita Lovett,
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VERMONT MUTUAL INSURANCE COMPANY as subrogee of TIMOTHY D. STEIN and WAYNE ROLF, | * * * * | |
| Plaintiff, | * | |
| v. | * * | Civil Action No. 05-10307-JLT |
| DAVID'S FLOOR SERVICE, INC. and MIN DANG, d/b/a DAVID'S FLOOR SERVICE, and MUOI BUI, a.k.a MUOI PHAM, as ADMINISTRATRIX of the ESTATE OF TOAN BUI, d/b/a BLESS HARDWOODS, | * * * * * * * | |
| Defendants. | * * | |
| MIN DANG, d/b/a DAVID'S FLOOR SERVICE., | * * * | |
| Third Party Plaintiff, | * * | |
| v. | * * | |
| MUOI BUI, a.k.a MUOI PHAM, as ADMINISTRATRIX of the ESTATE OF TOAN BUI, d/b/a BLESS HARDWOODS., | * * * * | |
| Third Party Defendant. | * * | |

ORDER

April 11, 2006

TAURO, J.

After the Scheduling Conference held on April 11, 2006, this court hereby orders that:

1. Plaintiff may depose the following: (1) David Dang; and (2) Minh Dang;

2. Third Party Defendant may depose the following: (1) Trung Le; and (2) the other

        worker involved in performing the work at issue;

3.      All discovery must be completed by July 31, 2006;

4.      No additional discovery will be permitted without leave of this court; and

5.      Trial will begin on August 28, 2006 at 10:00 a.m.

IT IS SO ORDERED.

                                                          /s/ Joseph L. Tauro
                                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 10307 JLT

VERMONT MUTUAL INSURANCE COMPANY )
as subrogee of TIMOTHY D. STEIN and )
WAYNE ROLF )
      Plaintiff, )
       )
      v. )
       )
DAVID'S FLOOR SERVICE, INC. )
      and )
MIN DANG, d/b/a )
DAVID'S FLOOR SERVICE, )
      Defendants )
      Third-Party Plaintiffs )
and )
MUOI BUI a/k/a MUOI PHAM, )
AS ADMINISTRATRIX OF )
THE ESTATE OF TOAN BUI )
d/b/a/ BLESS HARDWOODS )
       )
       )
      v. )
       )
MUOI BUI a/k/a MUOI PHAM, )
AS ADMINISTRATRIX OF )
THE ESTATE OF TOAN BUI )
d/b/a/ BLESS HARDWOODS )
      Third-Party Defendants )
       )

AFFIDAVIT OF SUSAN JOHNSON BOWEN

    I, Susan Johnson Bowen, hereby state on personal knowledge:

1. I represent David's Floor Service Inc. and Minh Dang d/b/a David's Floor Service in the above-captioned action.

2. At a scheduling conference on April 11, 2006, the parties discussed outstanding discovery issues. The parties agreed to reconvene the depositions of David Dang and Minh Dang after a discovery issue was resolved. Attorney Timothy Roche, counsel for the newly added party, Muoi Bui, also stated that he wished to ask Minh Dang and David Dang

       questions, as their depositions had been taken before his client was added as a party.

3.   At the scheduling conference, counsel for the plaintiff did not indicate that he would be serving requests for admissions. The requests were served on May 8, 2006, before the plaintiff requested leave of court to serve the requests.

4.   The parties had agreed, by e-mail and letters in April of 2006, to complete the depositions of David Dang and Minh Dang on June 19th.

Date: May 22, 2006

SIGNED UNDER THE PENALTIES OF PERJURY:

*/s/ Susan Johnson Bowen*

Susan Johnson Bowen



| | | |
|---|---|---|
| PHILADELPHIA | **COZEN** | NEW YORK |
| ATLANTA | | NEWARK |
| CHARLOTTE | | SAN DIEGO |
| CHERRY HILL | | SAN FRANCISCO |
| CHICAGO | **O'CONNOR** | SANTA FE |
| DALLAS | ATTORNEYS | SEATTLE |
| DENVER | | TORONTO |
| HOUSTON | | TRENTON |
| LAS VEGAS | | WASHINGTON, DC |
| LONDON | | WEST CONSHOHOCKEN |
| LOS ANGELES | A PROFESSIONAL CORPORATION | WICHITA |
| | | WILMINGTON |

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

April 19, 2006

**James P. Cullen, Jr.**
Direct Phone 215.665.4102
Direct Fax   215.665.2013
jcullen@cozen.com

**VIA TELECOPY**

Susan Johnson Bowen, Esquire
Warren, Hensley & Bowen LLP
185 Devonshire Street
Suite 1000
Boston, MA  02110-1410

Timothy M. Roche, Esquire
Monahan & Associates, P.C.
113 Union Wharf East
Boston, MA  12109

       Re:    Vermont Mutual Insurance Company a/s/o Timothy D. Stein
            and Wayne Rolf v. David's Floor Service, Inc.
            Civil Action No. 05 10307JLT
            Our File No. 155951

Dear Susan:

       I am writing concerning the scheduling of the remaining depositions. As you know from Judge Tauro's Order, we may re-depose the Dangs. Further, Mr. Roche may take the depositions of Trung Le and Nam Dao. We must complete all this discovery on or before July 31, 2006.

       I believe I can finalize the Dangs' depositions in less than one business day. Likewise, I believe the remaining two workers can also be deposed in one day. As such, I would propose we reserve dates, so we may schedule the deponents and the necessary interpreters for their testimony.

       I am presently available on the following dates: May 23, 2006; June 7, 9, 13, 14, 19, 23 and 26, 2006.

       I look forward to hearing from you regarding your available dates so we can get these depositions scheduled. Given the need to coordinate appearances, with witnesses and a Vietnamese interpreter, we should begin this process as soon as possible.

Susan Johnson Bowen, Esquire
Timothy M. Roche, Esquire
April 19, 2006
Page 2

---

      I would ask each of you to give the scheduling of these depositions your prompt attention so we can confirm dates within the next week.

                Very truly yours,

                COZEN O'CONNOR

                BY:   JAMES P. CULLEN, JR.

JPC:tna

## MONAHAN & ASSOCIATES, P.C.

WILLIAM O. MONAHAN*
MATTHEW MAHONEY
R. BART WARNER
DOUGLAS F. HARTMAN
SAMANTHA R. MECKLER
TIMOTHY R. ROCHE
ANDREW M. MCKINNEY

113 UNION WHARF EAST
BOSTON, MASSACHUSETTS 02109
(617) 227-1500
FACSIMILE: (617) 227-6700
EMAIL: troche@monahanlaw.net

* ALSO ADMITTED IN RHODE ISLAND

March 30, 2006

**Via Email Only to sue@attorneyswhb.com & Jcullen@Cozen.com**

James P. Cullen, Jr.                    Susan Johnson Bowen, Esquire
Cozen & O'Connor                        Warren, Hensley & Bowen, LLP
1900 Market Street                      185 Devonshire Street
The Atrium, Third Floor                 Suite 1000
Philadelphia, PA 19103                  Boston, MA 02110-1410

Re:  Vermont Mutual Insurance Company, a/s/o
     Timothy D. Stein and Wayne Rolf
Vs.  David's Floor Service, Inc., et als
Vs.  Muoi Bui a/k/a Muoi Pham, As Administratrix of
     the Estate of Toan Bui d/b/a Bless Hardwoods
     United States District Court, C.A. No.:  05-10307 JLT

Dear Counsel:

   This correspondence is in response to Mr. Cullen's March 23, 2006 letter and Ms. Bowen's March 27, 2006 letter regarding the above-matter.

   With respect to the question of additional deponents, I am in agreement with Mr. Cullen's proposal to re-convene the depositions of the Dangs and Ms. Bowen's proposal to depose the two surviving workers, Trung Le and Nam Dao.  In addition to the OSHA questions that Mr. Cullen may have, there are additional areas I would like to cover during the depositions of the Dangs.

   I would also propose that the parties consent to the exercise of jurisdiction over this matter by a Magistrate. Please let me know your thoughts on this matter at your earliest convenience.

   With respect to the proposed Amended Scheduling Report, it appears that if we are to take the depositions proposed above, more than sixty days will be necessary.

MONAHAN & ASSOCIATES, P.C.

All Counsel
March 30, 2006
Page 2


    I am in the process of assembling whatever documents may exist beyond those already exchanged between the parties. I do not believe Ms. Bui has any relevant documentation, but I will confirm this through her personal counsel.

    I am also in the process of reviewing the documents and correspondence I have received to date, and it appears several items have not yet been provided to me, specifically:

    The CD of photographs referenced in Steven Cummings' deposition transcript and previously forwarded to Ms. Bowen by Mr. Cullen, copies of the parties written disclosures (I currently do not know whether the documents I have received from you both are all of those referenced in the disclosures). It also appears that Mr. Cullen has served an expert disclosure, presumably the report of Mr. Cummings. Kindly forward me a copy of any such expert disclosures served to date.

    Finally, I will forward to you shortly the other documents required by the Local Rules.

    Please feel free to contact me if you have any questions.

                            Very truly yours,


                            Timothy M. Roche

Cc: Patrick J. Loftus, Esquire (via email to soxdctr@aol.com)
     Joseph F. Rich, Esquire (via email to Jrich@cozen.com)


ToanBui/Counsel01