```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

                                       CIVIL ACTION
                                       NO. 05 10307 JLT


VERMONT MUTUAL INSURANCE COMPANY       )
as subrogee of TIMOTHY D. STEIN and    )
WAYNE ROLF                             )
        Plaintiff,                     )
                                       )
        v.                             )
                                       )
DAVID'S FLOOR SERVICE, INC.            )
        and                            )
MIN DANG, d/b/a                        )
DAVID'S FLOOR SERVICE,                 )
        Defendants                     )
        Third-Party Plaintiffs         )
and                                    )
MUOI BUI a/k/a MUOI PHAM,              )
AS ADMINISTRATRIX OF                   )
THE ESTATE OF TOAN BUI                 )
d/b/a/ BLESS HARDWOODS                 )
                                       )
                                       )
        v.                             )
                                       )
MUOI BUI a/k/a MUOI PHAM,              )
AS ADMINISTRATRIX OF                   )
THE ESTATE OF TOAN BUI                 )
d/b/a/ BLESS HARDWOODS                 )
        Third-Party Defendants         )
_____)
```

**MOTION IN LIMINE OF DAVID'S FLOOR SERVICE INC.
RE: PRIOR FIRES**

The defendant David's Floor Service Inc. hereby moves in limine to preclude any reference at trial to prior fire incidents.

As reason therefor the defendant states that plaintiff has indicated, in the pre-trial memorandum, it will introduce evidence at trial concerning two

prior fires involving floor refinishing jobs by David's Floor Service Inc.  The plaintiff alleges that the fire at 4 Foskett Street (the subject matter of this pending lawsuit) and the two prior fires all arise out of alleged improper use of Harco floor sealer.  This evidence should be precluded at trial, however, as these prior incidents, even if they involved the same Harco product, are inadmissible.

Evidence concerning prior similar occurrences is disfavored.  "There is danger that a jury may disregard the real differences in the circumstances of the two incidents, and find upon a mere superficial similarity that a dangerous condition existed." Denton v. Park Hotel Inc., 343 Mass. 524, 527 (1962).  See also Reil v. Lowell Gas Co., 353 Mass. 120, 135-136 (1967) (n personal injury action from explosion in plant, judge properly excluded evidence of other fires in plant because it would be of little help in determining cause of fire/explosion); see also Robitaille v. Netoco Community Theatre, 305 Mass. 265, 266-267 (1940).

Significant amount of trial time and testimony would be needed to establish the similarity between the three incidents.  This would only serve the confuse the jury and distract the jury from the

material issues at hand.  The cause and circumstances of the prior fires may be completely different from the fire at issue in this lawsuit, and it would be highly prejudicial and unfair to the defendant to introduce this evidence where there is nothing to establish sufficient similarity.  Any evidence concerning prior fires involving David's Floor Service Inc. and the Harco product should not be admitted at trial.

The defendant,
David's Floor Service, Inc.,
by its attorney,

Date: August 11, 2006

/s/ Susan Johnson Bowen
Susan Johnson Bowen
BBO#561543
Warren, Hensley & Bowen LLP
33 Broad Street
Suite 800
Boston, MA  02109-4208
(617) 542-4130
Sue@attorneyswhb.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 11, 2006.

/s/Susan Johnson Bowen