```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS

                                    CIVIL ACTION
                                    NO. 05 10307 JLT


VERMONT MUTUAL INSURANCE COMPANY    )
as subrogee of TIMOTHY D. STEIN and )
WAYNE ROLF                          )
          Plaintiff,                )
                                    )
          v.                        )
                                    )
DAVID'S FLOOR SERVICE, INC.         )
          and                       )
MIN DANG, d/b/a                     )
DAVID'S FLOOR SERVICE,              )
             Defendants             )
          Third-Party Plaintiffs    )
and                                 )
MUOI BUI a/k/a MUOI PHAM,           )
AS ADMINISTRATRIX OF                )
THE ESTATE OF TOAN BUI              )
d/b/a/ BLESS HARDWOODS              )
                                    )
                                    )
          v.                        )
                                    )
MUOI BUI a/k/a MUOI PHAM,           )
AS ADMINISTRATRIX OF                )
THE ESTATE OF TOAN BUI              )
d/b/a/ BLESS HARDWOODS              )
          Third-Party Defendants    )
_____)
```

JOINT MOTION OF THE DEFENDANTS/THIRD-PARTY DEFENDANTS
TO STAY THE TRIAL OF THIS MATTER

The defendants/third-party defendants ["the defendants"], hereby move to stay the trial of this matter until the related state court declaratory action is resolved. As reason therefor the defendants state:

1. This is a subrogation action filed by Vermont Mutual Insurance Company against the defendants. The action arises out of a fire loss that occurred in September of 2004 at the home located at 4 Foskett Street, Somerville, MA. The plaintiff alleges that the defendants negligently performed floor refinishing work, causing the fire. The building was damaged and subsequently torn down, two of the workers died and two workers sustained significant personal injuries.

2. There are two state court actions involving the same incident. One lawsuit was filed just recently by the estate of one of the deceased workers. [Loan Vu, Individually and as Administratrix of the Estate of Ha Vu v. David's Floor service Inc., David Dang, Minh Dang and Muoi Bui a/k/a Muoi Pham as Administratrix of the estate of Toan Bui, Middlesex Superior Court, CA No. MICV2006-02110]

   The other state court action was initially filed by Essex Insurance Company, the insurance carrier for David's Floor Service Inc. as a declaratory action, seeking a determination of coverage concerning the insurance policy issued by Essex Insurance Co. to David's Floor Service Inc. [Essex Insurance Co. v.

      David's Floor Service Inc. , Muoi Bui a/k/a Muoi Pham Individually and as Administratrix of the Estate of Toan Bui, Loan Vu, Individually and as Administratrix of the Estate of Ha Vu, Nam Dao, Trung Le, Tim D. Stein, Wayne Rolf, and Maria Krings, Defendants, Middlesex Superior Court CA No. MICV2005-00040]. The parties to the declaratory action have also filed various cross-claims and counter-claims, arising out of the September 2004 fire.

3.   Providence Mutual Insurance Company had issued a policy of insurance to Toan Bui d/b/a Bless Hardwoods (now deceased). This policy was in effect at the time of the fire loss in September of 2004. Muoi Bui a/k/a Muoi Pham as Administratrix of the Estate of Toan Bui, through her counsel, has recently served (August 4, 2006) a motion to pay the proceeds of this insurance policy into the state court. The proceeds will be held in escrow by the court pending a hearing to determine an equitable distribution of such proceeds.

4.   The defendants to this federal court action seek stay of the trial of this matter until the following issues are decided in the state court:

    a.    A determination by the state court as to insurance coverage for Minh Dang and David's Floor Service Inc.  A decision on this issue will impact the settlement position of all parties, and most likely resolve the case short of trial.  A motion for summary judgment has recently been filed by counsel for Essex Insurance Company.

    b.    A determination by the state court as to how the proceeds from the Providence Mutual policy are to be divided.  Vermont Mutual, Minh Dang and David's Floor Service Inc. have claims pending against the Estate of Toan Bui that may be satisfied, at least in part, by the Providence Mutual policy.

5.    Given the recent activity in the state court actions, the defendants in this federal matter now seek a stay of the trial in federal court so that these issues with respect to insurance may be resolved.  It is in the best interests of the parties, and the court, to have a determination as to what insurance may be available to satisfy the various claims of the parties prior to trial.  A determination by the state court as to insurance

will most likely affect the position of the parties with respect to settlement in federal court, and a trial may be avoided altogether.

WHEREFOR the defendants seeks a stay of the trial of this matter until the related state court declaratory action is resolved.

        The defendants/third party plaintiffs,
           David's Floor Service, Inc.,
           Minh Dang,

        by their attorney,

Date: August 14, 2006
        /s/ Susan Johnson Bowen
        Susan Johnson Bowen
        BBO#561543
        Warren, Hensley & Bowen LLP
        33 Broad Street
        Suite 800
        Boston, MA  02109-4208
        (617) 542-4130
        Sue@attorneyswhb.com

        The defendant/third-party defendant,
        Muoi Bui a/k/a Muoi Pham as Admin.

        By her attorney,

        /s/ Timothy M. Roche
        Timothy M. Roche
        BBO#561973
        Monahan & Associates
        113 Union Wharf East
        Boston, MA 02109
        (617) 227-1500
        troche@monahanlaw.net

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 14, 2006.

                                        /s/Susan Johnson Bowen