UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERMONT MUTUAL INSURANCE COMPANY, )<br>as subrogee of TIMOTHY D. STEIN and WAYNE ROLF, )<br>) | CIVIL ACTION<br><br>NO.05-10307 JLT |
| Plaintiff,  )<br>) | |
| v.  )<br>) | |
| DAVID'S FLOOR SERVICE, INC. and  )<br>MIN DANG, d/b/a DAVID'S FLOOR SERVICE,  )<br>) | **JURY TRIAL DEMANDED** |
| Defendants/Third Party Plaintiffs,  )<br>) | |
| and  )<br>) | |
| MUOI BUI, a/k/a MUOI PHAM, as Administratrix of the  )<br>Estate of Toan Bui, d/b/a BLESS HARDWOODS  )<br>) | |
| Defendant/Third Party Defendant.  ) | |

### PRETRIAL MEMORANDUM

**1.     A Concise Summary of Evidence by Plaintiff:**

Plaintiff will prove Defendant David's Floor Service, Inc., as the general contractor, and Defendant Bless Hardwoods, as its undisclosed subcontractor, caused an explosion and fire by allowing the ignition of Harco lacquer sealer and/or its vapors during defendants' floor refinishing work.  Plaintiff will demonstrate Defendant David's Floor Service Inc. and Defendant Bless Hardwoods were negligent in the provision of their floor refinishing services by proceeding the face of the known dangers and failing to take the proper and necessary steps to prevent the explosion, especially in light of Defendant David's Floor Service, Inc.'s prior explosion/fire losses associated from the improper use of this sealer.  Defendants' negligence includes failing to follow express warnings, including eliminating ignition sources, such as pilot lights and electrical, prior to the application of the sealer.  In establishing liability, Plaintiff will rely upon defendant's own testimony, as well as the investigation of the

Massachusetts' State Police and its independent expert, Mr. Hennessy, of New England Fire Cause and Origin ["NEFCO"].

If a damage stipulation is not reached, Plaintiff will also show the explosion resulted in building damage, debris removal expense, personal property damage and extra expense/lost rents. In so doing, Plaintiff will rely upon the adjustment materials, building valuations, and testimony from its insured and the involved adjusters / contractors.

**(b)** **Defendant David's Floor:** Defendant David's Floor Service, Inc. denies it was negligent and states further its actions or inactions were not the proximate cause of the fire and resulting damage to the property at 4 Foskett Street. David's Floor Service, Inc. hired Toan Bui, an experienced worker, to perform the floor refinishing work at 4 Foskett Street. If the actions of the workers caused the fire, which the defendant disputes and calls on the plaintiff to prove the same, David's Floor Service Inc. would be entitled to indemnification from the Estate of Toan Bui. David's Floor Service Inc. also has a claim for contribution against the Estate of Toan Bui.

**(c)** **Defendant Bless:** Muoi Bui a/k/a Muoi Pham, as Administratrix of the Estate of Toan Bui d/b/a Bless Hardwoods (hereinafter "Muoi Bui"), denies that Toan Bui or anyone for whom he might be legally responsible was negligent or contributed to cause the fire at 4 Foskett Street, Somerville, Massachusetts and calls upon the plaintiff to prove the same.

If the actions or inactions of Toan Bui or any of the other workers caused the fire, which the defendant disputes, David's Floor Service, Inc. is still responsible, in whole or in part, for the plaintiff's damages, and Muoi Bui is entitled to indemnification and/or contribution from David's Floor Service.

**2.     Stipulations:**

The parties anticipate a damage stipulation, which would not be disclosed to the jury, who would only be asked to determine liability issues.  The parties have agreed that the individual clams against Minh Dang are dismissed; a stipulation of dismissal is filed herewith.

**3.     Contested Issues of Fact:**

The cause of the explosion/fire is disputed and issues exist between the defendants/third party plaintiff regarding their respective responsibility, if any.

**4.     Jurisdictional Questions:**

None.

**5.     Pending Motions:**

On August 11, 2006, Defendant, David's Floor Service Inc., filed three (3) Motions in Limine, which Plaintiff opposes.  On August 14, 2006, all Defendants filed a Joint Motion to Stay Trial, which Plaintiff opposes.

There are also two related state actions.  One was just filed by the estate of one of the workers who died in the fire.  The other state action is a declaratory action filed by Essex Insurance Company (the insurance carrier for David's Floor Service Inc.) to determine issues of coverage.  As part of this lawsuit, there are wrongful death claims and personal injury claims.  Providence Mutual, the insurance carrier for the Estate of Toan Bui d/b/a Bless Hardwoods, has served a motion to pay its policy into the state court.

**6.     Issues of Law, Including Evidentiary Questions:**

Plaintiff will file a Motion in Limine regarding the admission of Defendant David's Yellow Page advertisement, which is attached hereto as Exhibit "1".

(b)     **Defendant David's Floor:**     At this time, David's Floor Service Inc. anticipates motions in limine on the following subjects:

    1.     Evidence concerning deaths and injuries as a result of the fire;

    2.    Evidence with respect to the OSHA investigation and settlement;

    3.    Evidence with respect to insurance; and

    4.    Evidence with respect to prior fires.

**7.    Any Requested Amendments to the Pleadings:**

None.

**8.    Additional Matters to Aid the Disposition of This Action:**

One defendant and two fact witnesses will require the services of a Vietnamese interpreter. The parties would request clarification regarding whether a private interpreter needs to be arranged or if the court will provide these services.

**9.    Probable Length of Trial:**

As set forth above, the parties are currently discussing a damage stipulation. In the event of a damage stipulation, assuming the court to utilize its approximate half day schedule and allow openings/evidence to begin after empanelment, the matter can be tried in two or three days. Absent a damage stipulation, three or more additional days will be required, depending upon the extent of cross examination.

**10.    Witnesses**

**(a) Plaintiff:**

Timothy D. Stein
Wayne Fette
David Dang
Minh Dang
Trooper Peter Cummings
Michael Hennessy – NEFCO
Ha Vu
Nam Dao.

Plaintiff will supplement its witness list with damage witnesses, if required.

  **(b) Defendant David's Floor:** The defendant does not anticipate on calling any witness other than those identified by the plaintiff. The defendant reserves the right to call any of the witnesses listed by the plaintiff.

  **(c) Defendant Bless:** Muoi Bui does not anticipate calling any witnesses other than those identified by the plaintiff. Muoi Bui reserves the right to call any of the witnesses listed by the plaintiff.

  **11.**  **Proposed Exhibits:**

  (a) Plaintiff may use the following:

  Fahey Diagram – Third Floor

  David's Floor Service – Yellow Page Ad (Minh Exhibit 5)

  Product Warnings (Minh Exhibit 7)

  Product Depictions (Minh Exhibit 6)

  David's Safety Checklist (produced June 6, 2005)

  David's Safety Checklist (produced June 6, 2005)

  Floor Refinishing Documents (Minh Exhibit 4)

  Cummings Photos (cd produced)

  Cummings Report (Exhibit 1)

  Cummings Notes (Exhibits 2-4)

  Diagram (Cummings 6)

  NEFCO Report (dated December 2, 2005)

  NEFCO Photographs (produced)

  OSHA Production (Minh Exhibit 3)

  David's Document Production

  Dao Affidavit, dated May 16, 2006

        Le Affidavit, dated May 16, 2006

        Splaine Affidavit, dated May 15, 2002

        Worker Documents (produced June 6, 2005)

        Bless Policy, including application materials

        David's policy, including application materials

Plaintiff also reserves the right to utilize any document exchange in discovery, as well as rebuttal exhibits, including FOIA documentation, governmental records from the City of Boston, City of Cambridge, and OSHA, and pleadings and discovery made in a coverage action arising from this fire, pending in state court, in which both defendants make affirmative claims.

In addition, if no damage stipulation is reached, Plaintiff will supplement its exhibit list, with damage exhibits, to include the adjustment file, building valuation documentation, cancelled checks, and copy of the subject policy of property insurance.

**(b) Defendant David's Floor:** It is expected that the parties will be able to agree on many of the proposed exhibits. Many of the documents are not fully identified in this memorandum. It is anticipated that the plaintiff will produce to the defendant a package of proposed exhibits. However, David's Floor Service Inc. will not stipulate to hearsay documents which are the subject of motions in limine (for example, yellow page ad, OSHA documents, etc.).

**(c) Defendant Bless:** Muoi Bui anticipates that the plaintiff will circulate a comprehensive listing of all exhibits which it intends to introduce at the time of trial for comment by the other parties. Likewise, Muoi Bui will not stipulate to the admissibility of

hearsay documents, including affidavits, notes and reports prepared by witnesses in the case, affidavit/or reports prepared by witnesses, or documents which are the subject of motions in limine.

_____/s/_____  
Susan Johnson Bowen, Esquire  
Warren, Hensley & Bowen LLP  
33 Broad Street  
Suite 800  
Boston, MA  02109-4208  
(617) 542-4130  
Attorneys for Defendant Minh Dang  

_____/s/_____  
Timothy M. Roche, Esquire  
Monahan & Associates, P.C.  
113 Union Wharf East  
Boston, MA  12109  
(617) 227-1500  
Attorneys for Third-Party Defendant Muoi Bui, a/k/a Muoi Pham, as Administratrix of the Estate of Toan Bui, d/b/a Bless Hardwoods  

Dated: August 15     , 2006

Dated: August 15     , 2006

|  |  |
|---|---|
| | _____/s/_____ |
| | JAMES P. CULLEN, JR., ESQUIRE |
| | COZEN O'CONNOR |
| | 1900 Market Street |
| | The Atrium - Third Floor |
| | Philadelphia, PA  19103 |
| | (215) 665-4102 |
| | Attorneys for Plaintiff Vermont Mutual |
| CO-COUNSEL: | Insurance Company a/s/o Timothy D. Stein |
| PATRICK J. LOFTUS, III BBO #303310 | and Wayne Rolf |
| No. 9 Park Street | |
| Suite 500 | Dated: August  15      , 2006 |
| Boston, MA  02108 | |
| (617) 723-7770 | |

8