UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VERMONT MUTUAL INSURANCE COMPANY, | ) | CIVIL ACTION |
| as subrogee of TIMOTHY D. STEIN and WAYNE ROLF, | ) | |
| | ) | NO.05-10307 JLT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID'S FLOOR SERVICE, INC. and | ) | |
| MIN DANG, d/b/a DAVID'S FLOOR SERVICE, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants/Third Party Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MUOI BUI, a/k/a MUOI PHAM, as Administratrix of the | ) | |
| Estate of Toan Bui, d/b/a BLESS HARDWOODS | ) | |
| | ) | |
| Defendant/Third Party Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STAY TRIAL**

Plaintiff, Vermont Mutual Insurance Company, by and through its counsel, hereby

opposes the Joint Motion to Stay the Trial filed by the Defendants on August 14, 2006 and

asserts as follows:

I.    **BACKGROUND**

The incident at issue in this federal court civil action occurred on September 2, 2004.

The Plaintiff, Vermont Mutual Insurance Company ("Vermont Mutual"), filed this federal court

civil action on February 11, 2005.  Defendant, David's Floor Service, Inc., d/b/a David's Floor

Service ("David's"), answered the Complaint on March 8, 2005.  Defendant, Muoi Bui, a/ka

Muoi Pham, as Administrix of the Estate of Toan Bui, d/b/a Bless Hardwoods, answered the

Complaint on March 24, 2005.

The unrelated state court action referenced by the Defendants in their Motion to Stay

involves a declaratory action by Essex Insurance Company ("Essex") against David's Floor

Service, Inc. ("David's"), Muoi Bui a/k/a Muoi Pham, Loan Vu, Nam Dao, Trung Lee, Timothy Stein, Wayne Rolf, and Maria Krings. The unrelated state court action involving Essex was commenced on January 6, 2005. Plaintiff Vermont Mutual is not a party in the state court declaratory action. The state court action is based on a commercial general liability insurance policy issued by Essex to David's, in which Essex seeks a declaratory judgment that it does not owe David's a defense or indemnity for claims related to the incident that occurred on September 2, 2004.

Plaintiff Vermont Mutual's insured, Mr. Stein, is not a named insured under Essex's policy, did not purchase insurance from Essex, and did not submit any claims to Essex. Accordingly, Mr. Stein filed a Motion to Dismiss the state court action on April 19, 2005, arguing that Vermont Mutual was the proper party. Essex opposed the Motion to Dismiss the state court action on April 25, 2005, stating that Mr. Stein was the proper party. This is significant because it shows that the Defendants in the federal court action have known about the state court declaratory action for some time and have taken no action in its regard in the federal court case until two weeks before trial. Moreover, on March 24, 2006, Essex filed a Motion for Summary Judgment in the state court action.

Defendants have been aware of the insurance issues in the state court case for over a year and, despite such knowledge, chose to wait until August 14, 2006 to file a motion to stay the trial in the federal court action. Interestingly, in addition to knowing about the state court action for over a year, Defendant David's is represented by counsel appointed by Essex in the federal court action.

## II.  <u>ARGUMENT</u>

First, the state court declaratory action brought by David's insurer is wholly unrelated to the present federal court action. Plaintiff Vermont Mutual is not a party to the state court action

and the state court action in no way prevents Vermont Mutual from proceeding with trial and

obtaining a verdict against David's.  Indeed, any action by Essex against David's and parties

other than Vermont Mutual for declaratory relief does not affect Vermont Mutual's rights to

proceed against David's for liability for the September 2, 2004 incident.  In fact, the Defendants

cannot point to any legal authority to support their position that the unrelated state court action

warrants a stay in the federal court case brought by Vermont Mutual.

Second, the declaratory action brought by Essex in state court has been pending since

January 5, 2005.  The federal court action brought by Vermont Mutual was commenced on

February 11, 2005.   Thus, the Defendants in this case have known from the start that there was a

state court action being brought by Essex and waited until August 14, 2006, after the completion

of all discovery, including expert disclosures, to bring a motion to stay the trial and the federal

court action pending the outcome of the state court action.  Clearly, this last minute tactic to

postpone the trial is highly prejudicial and unfair to Plaintiff Vermont Mutual, who has been

expending time, effort and costs to complete discovery and prepare for the anticipated trial.  If

the Defendants truly believed that the state court action merited a stay in the federal court action,

one would have expected that they would have raised the issue well in advance of trial in order to

ensure that there was no waste of the court's time in this case.

Next, Plaintiff Vermont Mutual wishes to emphasize to this Court that the trial in this

matter is scheduled to start on August 28, 2006, and that *the Defendants waited until August 14,*

*2006 to file their motion to stay*.  Essentially, Defendants have chosen the tactic of waiting until

just two weeks (or fourteen days) before trial to bring such a motion in the hope that Plaintiff

Vermont Mutual will not have time to effectively oppose such a motion.  To this end, Defendants

have been aware of the trial date since it was set by the Court at a scheduling conference on

April 11, 2006.  Moreover, the scheduling order from the Court that was issued on July 10, 2006

states that trial was set for August 28, 2006.  Despite five months of notice of the trial date (April 2006 and July 2006), and notice of the state court declaratory action since the federal court case's inception on February 11, 2005, the Defendants have decided to wait until just two weeks before trial (August 14, 2006) to seek to stay the federal court action.  Under these circumstances, it is fundamentally unfair to Plaintiff Vermont Mutual to stay the federal court action at this time.  Allowing Defendants to stay the trial at this late juncture will not only be unfair to and prejudice Plaintiff Vermont Mutual in its ability to enforce its rights against the Defendants, but will waste the parties' time, the court's time, and expenses already invested in completing discovery and preparing the case for trial.  A stay at this late point will also waste all efforts to have witnesses set aside dates for appearance at the trial.

Furthermore, the unrelated state court declaratory action includes the potential for numerous appellate issues, such as workers' rights to recovery after having taken worker's compensation benefits.  Such issues are unrelated to Plaintiff Vermont Mutual's federal court action and requiring Vermont Mutual to postpone its day in court until the resolution of such issues could mean that it will be several years before the federal trial occurs.  Each worker's case in the state court action needs a determination and valuation by a jury, including comparative fault, so it is unlikely that there will be a quick and timely resolution of all claims arising from this fire after the state court declaratory judgment action as the Defendants assert.  Thus, it will be highly prejudicial and unfair to Plaintiff Vermont Mutual if the Court grants the Defendants' motion to stay at this point in the federal case given the time and expenses Plaintiff has already invested to complete discovery and preparing the case.

Finally, in regard to the Defendants argument that they should be granted a stay until the state court decides insurance coverage issues, Plaintiff Vermont Mutual notes that insurance coverage of the Defendants does not affect its right to proceed with trial and seek a judgment

against them in the federal court action.  The Defendants are completely unrealistic to think that a decision on those insurance issues in state court will resolve this federal court case short of trial, especially since insurance issues are not determinative of the liability or the damages case against the Defendants in the federal court action and/or their liability for the state court claims. Moreover, the federal court cases is now on the eve of trial and there have been no fruitful settlement negotiations, so it is unlikely a resolution of the state court declaratory action at an undetermined time in the future will influence the parties' settlement positions.  That is, there is no guarantee that Plaintiff Vermont Mutual will reach a settlement with the Defendants, who have not yet made a settlement offer or given a response to Plaintiff's demand, after the conclusion of the state court action.  Plaintiff Vermont Mutual's right to proceed with trial should not be altered by the Defendants' speculation as to what may happen as a result of the unrelated state court action.  In addition, there is no timeframe for when the state court action[1] will be resolved, which means that, at this juncture, it would be fundamentally unfair to Plaintiff Vermont Mutual to stay the trial for an indefinite time.

## II.    <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that the Court deny in its entirety the Joint Motion to Stay the Trial that was filed by the Defendants on August 14, 2006.

Plaintiff Vermont Mutual Insurance Company
a/s/o Timothy D. Stein and Wayne Rolf,
By Its Attorneys,


/s/ *James P. Cullen, Jr., Esquire*
JAMES P. CULLEN, JR., ESQUIRE
COZEN O'CONNOR
1900 Market Street
The Atrium - Third Floor

---

[1] For the Court's reference, the state court action includes a declaratory action on coverage issues and wrongful death and personal injury claims.

Philadelphia, PA  19103
(215) 665-4102

CO-COUNSEL:
PATRICK J. LOFTUS, III, ESQUIRE
BBO #303310
No. 9 Park Street
Suite 500
Boston, MA  02108
(617) 723-7770

## **CERTIFICATE OF SERVICE**

I, James P. Cullen, hereby certify that I served a true and correct copy of the foregoing

Plaintiff's Opposition to Defendants' Joint Motion to Stay the Trial was served this the 16th day

of August, 2006, by electronic filing upon the following parties:

Susan Johnson Bowen, Esquire
Warren, Hensley & Bowen LLP
185 Devonshire Street
Suite 1000
Boston, MA  02110

Timothy M. Roche, Esquire
Monahan & Associates, P.C.
113 Union Wharf East
Boston, MA  02109

/s/ *James P. Cullen, Jr., Esquire*
JAMES P. CULLEN, JR., ESQUIRE