UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERMONT MUTUAL INSURANCE COMPANY,<br>as subrogee of TIMOTHY D. STEIN and WAYNE ROLF,<br><br>Plaintiff,<br><br>v.<br><br>DAVID'S FLOOR SERVICE, INC.<br><br>and<br><br>MIN DANG, d/b/a<br>DAVID'S FLOOR SERVICE,<br><br>Defendants/Third Party Plaintiffs,<br><br>and<br><br>MUOI BUI, a/k/a MUOI PHAM,<br>as Administratrix of the Estate of<br>Toan Bui, d/b/a BLESS HARDWOODS,<br><br>Defendant/Third Party Defendant. | CIVIL ACTION<br><br>NO. 05-10307 JLT<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT DAVID'S FLOOR SERVICE'S
MOTION IN LIMINE REGARDING DEATH AND INJURIES OF WORKERS**

Defendant David's Floor Service, Inc. ["David's Floor"] seeks to preclude all reference, at trial, to the deaths of two of the workers, including third party defendant, Toan Bui, as well as to the burn injuries to two other workers, arising from the fire at issue. In support thereof, Defendant David's Floor correctly notes that the subject action involves a property damage subrogation claim. However, Defendant David's Floor conveniently ignores its claims against the Estate of Toan Bui, and Plaintiff's subsequent Rule 14(a) action.

As the pleadings will disclose Mr. Bui was sued, through his Estate, and the jury will not hear any videotape or other testimony attributable to Mr. Bui, Plaintiff respectfully submits that it is appropriate and proper to explain the absence of any testimony from Mr. Bui to

be attributable to his death, prior to giving any testimony in this matter.  Absent this, the jury may improperly infer that Plaintiff failed to obtain such testimony and/or that such testimony is not supportive of Plaintiff's claims.

In addition, Massachusetts State Police Officer Cummings will be called to testify in this matter, given his involvement in the investigation of the cause and origin of this fire. Trooper Cummings is expected to testify that the State Fire Marshal's Office was assigned to investigate this matter, based upon the loss of life and significant injuries.  The nature and purpose of Trooper Cummings' investigation needs to be disclosed to the jury, so they can appreciate the seriousness of his interviews with operators of David's Floor Service, David and Minh Dang., which are expected to yield impeachment evidence.

As such, Plaintiff respectfully submits that the jury be made aware of Mr. Bui's death, to explain the procedural posture of the case, as well as the absence of his testimony, and the nature and purpose of Trooper Cummings' investigation, without being told the particular persons who were killed and/or injured as a result of the fire and explosion.

Plaintiff Vermont Mutual Insurance Company a/s/o
Timothy D. Stein and Wayne Rolf,
By Its Attorney,

/s/  James P. Cullen, Jr.
COZEN O'CONNOR
JAMES P. CULLEN, JR., ESQUIRE
1900 Market Street
The Atrium - Third Floor
Philadelphia, PA  19103
(215) 665-4102

Attorneys for Plaintiff Vermont Mutual Insurance Company a/s/o Timothy D. Stein and Wayne Rolf

CO-COUNSEL:
PATRICK J. LOFTUS, III BBO #303310
No. 9 Park Street
Suite 500
Boston, MA  02108
(617) 723-7770

Dated: September 11, 2007

3

## CERTIFICATE OF SERVICE

I, JAMES P. CULLEN, JR., ESQUIRE, attorney for Plaintiffs, do hereby certify that a true and exact copy of Plaintiff's Partial Opposition to Defendant David's Floor Service, Inc.'s Motion in Limine Regarding Death and Injuries of Workers has been served upon counsel by electronic filing this 11th day of September, 2007, addressed as follows:

    Timothy M. Roche, Esquire
    Monahan & Associates, P.C.
    113 Union Wharf East
    Boston, MA  02109

    Susan Johnson Bowen, Esquire
    Warren, Hensley & Bowen, LLP
    33 Broad Street, Suite 800
    Boston, MA  02109-4208


    /s/  James P. Cullen, Jr.
    JAMES P. CULLEN, JR., ESQUIRE